Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 610
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff John Noble

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Noble, | ACTION NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| The Union Bank of California Long Term Disability Benefits Plan, | |
| Defendant. | |

## JURISDICTION

1. This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), THE UNION BANK OF CALIFORNIA LONG TERM

Complaint                                        1

DISABILITY BENEFITS PLAN, (hereinafter the "PLAN"), is administered in this District and the wrongful conduct alleged herein took place in this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4. At all relevant times, plaintiff JOHN NOBLE was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5. At all relevant times, defendant THE UNION BANK OF CALIFORNIA LONG TERM DISABILITY BENEFITS PLAN was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by Union Bank of California and administered, at least in part, in San Francisco, California. At all relevant times, the PLAN offered long term disability benefits to the employees of Union Bank of California, including plaintiff.

## FACTS COMMON TO ALL CLAIMS

6. Prior to his disability, plaintiff worked full-time as a Vice President - Relationship Manager for Union Bank of California.

7. In or about September 25, 2006, plaintiff filed a claim for long term disability benefits with the PLAN. Plaintiff had been suffering from prolonged sickness as a result of his permanent disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by his treating physician.

8. At all relevant times plaintiff complied, and continues to comply, with all terms

and conditions of the PLAN. Additionally, at all relevant times, he has been, and remains, totally disabled under the terms of the PLAN.

9. On or about June 8, 2006, the Social Security Administration's Office of Hearings and Appeals determined that plaintiff was totally disabled as of July 2, 2004. This information was communicated to defendants.

10. On October 3, 2006, defendant denied plaintiff's claim for long term disability benefits under the PLAN, alleging that he was not eligible for benefits because he had not exhausted his benefits under Union Bank's short term disability plan.

11. On or about April 2, 2007, plaintiff timely appealed defendant's denial of his benefits. Among other things, plaintiff sent defendant additional documentation of his disability and asked that it pay his benefits.

12. On May 11, 2007, defendant granted itself a forty five (45) extension of time within which to make a decision on plaintiff's appeal, thus, making its decision due on June 30, 2007.

13. On July 31, 2007, defendant, through its third party claims administrator, denied plaintiff's appeal. Defendant refused, and continues to refuse, to pay plaintiff disability benefits under the PLAN.

14. Plaintiff has exhausted his administrative remedies.

15. At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to benefits under the terms of the PLAN.

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

16. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 15 of this complaint.

17. ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a

Complaint                                              3

plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

18. By, *inter alia*, failing to pay plaintiff long-term disability benefits, despite his complying with the PLAN's requirement of submitting proof of his total disability, and by relying on standards not articulated in the PLAN's provisions to deny his claim, defendant has violated, and continues to violate, the terms of the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
(For Equitable Relief Under ERISA §502(a) (3))

19. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 18 of this complaint.

20. ERISA § 502(a) (3) (29 U.S.C. § 1132 (a) (3)), permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan, the provisions of ERISA, or to enforce any term(s) of the plan, or provisions of ERISA.

21. In refusing to pay the benefits at issue herein, defendant has violated the terms of the PLAN and the provisions of ERISA by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with a decision relating to his claim for benefits within the time period specified by the applicable Department of Labor Regulations; acting in bad faith by denying plaintiff's claim in reliance upon standards not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the denial was based;  failing to provide plaintiff with a description of what was needed to perfect his claim; and ignoring medical records and physicians' opinions which support plaintiff's claim.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that the Court enter judgment against defendant as follows:

    A.    Declare that defendant violated the terms of the PLAN and plaintiff's rights thereunder by failing to pay him long-term disability benefits;

    B.    Order defendants to pay plaintiff all long-term disability benefits due him pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

    C.    Declare plaintiff's right to receive future long term disability benefit payments under the terms of the PLAN;

    D.    Declare that defendant has breached its fiduciary duty to plaintiff and enjoin defendant from further breaches of its fiduciary duty;

    E.    Award plaintiff pre-judgment interest on all monies requested herein;

    F.    Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g)); and

    H.    Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: January 3, 2008        By: _____
                                          Scott Kalkin
                                          Attorneys for plaintiff