1  Shawn Hanson (State Bar No. 109321)
   shanson@jonesday.com
2  Katherine S. Ritchey (State Bar No. 178409)
   ksritchey@jonesday.com
3  Sarah K. Hamilton (State Bar No. 238819)
   skhamilton@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:     (415) 626-3939
6  Facsimile:     (415) 875-5700

7  Attorneys for Defendant
   UNION BANK OF CALIFORNIA LONG TERM
8  DISABILITY BENEFIT PLAN

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12

13 | JOHN NOBLE | Case No: 3:08-cv-00115-SI
14 |     Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**
15 | v. |
16 | UNION BANK OF CALIFORNIA LONG TERM DISABILITY BENEFIT PLAN | Date: July 11, 2008
17 |     Defendant. | Time: 9:00 A.M.
   | | Dept: Courtroom 10
18 | |
   | | Before the Honorable Susan Illston
19

SFI-581760v2

Defendant's Motion to Dismiss
3:08-cv-00115-SI

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that at 9:00 A.M. on July 11, 2008, before the Honorable Susan Illston in Courtroom 10, located at 450 Golden Gate Avenue, 19th floor, San Francisco, California, defendant Union Bank of California Long Term Disability Benefits Plan (the "UBOC Plan") will and hereby does move to dismiss each of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). If and only to the extent that the Court believes that matters referenced in the pleadings cannot properly be considered pursuant to Rule 12(b)(6), the UBOC Plan hereby gives notice that it will and hereby does move for summary judgment under Federal Rule of Civil Procedure Rule 56. The UBOC Plan's Rule 12(b)(6) motion is based on this Notice, Motion, and Memorandum of Points and Authorities (including all exhibits attached hereto, which are referenced in the pleadings). If and only to the extent that the motion is converted to a Rule 56 motion, the motion additionally is based upon the Declaration of J. Elaine Macey, filed herewith.

## RELIEF REQUESTED

The UBOC Plan requests that Plaintiff's claims for Recovery of Benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and for Equitable Relief under 29 U.S.C. § 1132(a)(3) be dismissed because Plaintiff fails to state a claim upon which relief can be granted.

## ISSUES PRESENTED

1. Should Plaintiff's claim for benefits (29 U.S.C. § 1132(a)(1)(B)) be dismissed with prejudice because he is not eligible under the UBOC Plan terms?

2. Should Plaintiff's claim for equitable relief (29 U.S.C. § 1132(a)(3)) be dismissed with prejudice because no claim for equitable relief exists when a claimant has a claim for benefits?

//
//
//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff alleges two causes of action against the UBOC Plan, both of which arise from the UBOC Plan's denial of long-term disability benefits to Plaintiff pursuant to an ERISA-governed employee welfare benefit plan. The basic facts are simple, and make clear that Plaintiff's claims must be dismissed. Plaintiff last worked for Union Bank of California in 2001, and his employment officially terminated in March of 2002. He became disabled in 2004. The UBOC Plan documents provide that Plaintiff never became a Participant as defined in the UBOC Plan, and even assuming *arguendo* that he did, his coverage terminated when his employment ended. Accordingly, Plaintiff's claim for benefits under the UBOC Plan fails. Likewise, his claim for equitable relief fails. It is well established that "[b]ecause [plaintiff] asserted specific claims under 29 U.S.C §§ 1132(a)(1)(B) . . . [he] cannot obtain relief under 29 U.S.C. § 1132(a)(3)('catchall' provision)." *Ford v. MCI Commc'ns Corp. Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005). Amendment will not cure these deficiencies, and the Complaint should be dismissed with prejudice.

## II. FACTS

### A. Relevant Dates

Plaintiff was employed by Union Bank of California. Compl. ¶ 6. His employment began on April 16, 2001. Compl. ¶ 13, referencing denial letter attached as Ex. A at p. 2.[1] Plaintiff ceased work on May 25, 2001, and his employment officially terminated on March 13, 2002 after he did not locate a position with Union Bank of California through the Posting Process. *Id.* at p. 2. Plaintiff alleges that he was disabled as of July 2, 2004, as demonstrated by a June 8, 2006

---

[1] Although the attached exhibits are not attached to the Complaint, they may be considered by the Court with this Motion to Dismiss because their authenticity is not questioned and Plaintiff's Complaint necessarily relies on them. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Scharff v. Raytheon Co STD Plan, et al.*, 2007 U.S. Dist. Lexis 73844, *8 (C.D. Cal. 2007) (allowing Defendant's exhibits, including claim denial letters and Summary Plan Description referred to in complaint in support of Motion to Dismiss, noting "[incorporation by reference] has been extended to include situations in which the plaintiff does not explicitly allege the contents of that document in the complaint, but the defendant attaches the document to its motion to dismiss, and the parties do not dispute its authenticity.") To the extent the Court believes it needs to convert this motion to a Rule 56 motion, the attached exhibits and underlying facts are offered through the Declaration of J. Elaine Macey.

1 determination by the Social Security Administration's Office of Hearings and Appeals. Compl.
2 ¶ 9. On September 25, 2006, Plaintiff sent Union Bank of California a letter requesting benefits
3 pursuant to the UBOC Plan Document. Compl. ¶ 7, referencing Plaintiff's September 25, 2006
4 letter attached as Ex. B. In this 2006 letter, Plaintiff again alleges that his disability began around
5 2004. Compl. ¶ 7; Ex. B (in the letter Plaintiff states: "Since I have been disabled approximately
6 two years, shouldn't I qualify for the Bank's Long Term Disability coverage?").

### B.  The Terms of the Plan Document.

The UBOC Plan is a self-funded ERISA plan that provides long-term disability benefits to certain Union Bank of California employees. Compl. ¶ ¶ 5, 8, referencing the terms of the Union Bank of California 1997 Long Term Disability Benefit Plan Document attached as Ex. C. It is undisputed that the UBOC Plan is an employee welfare benefit plan that is governed by ERISA, 29 U.S.C. 1000 *et seq.* Compl.¶ 5. The UBOC Plan document at issue in this case is the Union Bank of California 1997 Long Term Disability Benefit Plan Document ("1997 Plan Document"), as amended from time to time. Ex. C. The relevant provisions are set forth below.

#### 1.  Eligibility

Section 3.1 of the 1997 Plan Document identifies the "Coverage" provided.

> The Plan will pay disability income benefits in accordance with the terms set forth below, if a Participant becomes Totally Disabled and is under the regular care and treatment of a Doctor for the condition, which caused Total Disability.
> Ex. C, § 3.1 at 13.

A "Participant" under the 1997 Plan Document is defined in Section 1.21 as "An Eligible Employee who is covered under the Plan pursuant to Sections 2.1 and 2.2." Ex. C, § 1.21 at 8. Section 2.1, as amended on January 1, 2002, provides that:

> An Eligible Employee is a person who, on or after the effective date of the Plan,
> (a) is a common law employee of the Company;
> (b) is on the U.S. Payroll of the Company;
> (c) is regularly scheduled to work at least 17 ½ hours weekly;
> (d) Is not a flexible non-benefits eligible employee, regardless of the number of hours worked per week; and
> (e) is not on a short term or temporary assignment.
>
> Ex. C, § 2.1 at 11, as amended on Jan. 1, 2002.

1    Section 2.2 of the 1997 Plan Document provides that "An Eligible Employee shall automatically become a Participant on the date following completion of two (2) months of continuous employment." Ex. C, § 2.2 at 11.

Under Section 2.3 of the 1997 Plan Document an Eligible Employee ceases to be a Participant "on the date on which the Participant's employment terminates, or he is no longer an Eligible Employee as defined in Section 2.1 [of the Plan] for any reason other than his disability." Ex. C, § 2.3 at 11.

### 2.   Time for Filing a Claim for Benefits

Section 5.1 of the 1997 Plan Document, as amended on January 1, 2002, provides Claims Procedure terms. Specifically, the 1997 Plan Document requires that "Written Notice of claim must be given to the Claim Administrator within nine (9) months after the date of commencement of Total Disability." Ex. C, § 5.1 at 31, as amended on Jan. 1, 2002.

## III.   STANDARD OF REVIEW

"A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or for the pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984). When deciding upon a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must take all of the material allegations in the plaintiff's complaint as true, and construe them in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Although all material allegations are taken as true, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (when deciding a motion to dismiss "[t]he court need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.") In determining whether a particular allegation is conclusory, a court may rely on a document not attached to the complaint if its authenticity is not questioned and the complaint necessarily relies on it. *Lee*, 250 F.3d at 688; *see also Scharff v. Raytheon Co STD Plan, et al.*, 2007 U.S. Dist. Lexis 73844 (C.D. Cal.

2007)(noting that the court in *Parrion v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998), explained the policy underlying the incorporation by reference rule as "Preventing plaintiffs from surviving a rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based...").

## IV.   ARGUMENT

### A.   Plaintiff's Claim For Benefits Under 29 U.S.C. § 1132(a)(1)(B) Must Be Dismissed

#### 1.   Because Plaintiff Was Not A Participant Of The UBOC Plan, He Is Not Entitled To Benefits

Plaintiff has made a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) to challenge the UBOC Plan's denial of his long term disability claim. Compl. ¶¶ 16-18. He alleges that "At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to benefits under the terms of the PLAN." Compl. ¶ 15.

The terms of the 1997 Plan Document limit coverage to "Participants," which requires that (1) one must be an Eligible Employee, as defined by the 1997 Plan Document and (2) one must have two months of continuous employment as an Eligible Employee. Ex. C,§ 1.21 at 8, § 2.1 at 11, as amended on Jan. 1, 2002, § 2.2 at 11. Plaintiff meets neither prerequisite.[2]

First, Plaintiff was not an Eligible Employee in 2004 because his employment was terminated March 13, 2002. *See* Ex. A at p. 2; *see also* Compl. ¶ 9. For the two years after his termination, before his disability, Plaintiff was not working the requisite 17 ½ hours a week, nor was Plaintiff on the US Payroll, as required under Section 2.1 of the 1997 Plan Document. Because Plaintiff was not an Eligible Employee when he became disabled in 2004, he was not a Participant under the 1997 Plan Document.

Second, Plaintiff is not a Participant because he did not meet Section 2.2 of the 1997 Plan Document, requiring that an Eligible Employee must complete two months of continuous employment. Plaintiff was at work performing the requisite 17 ½ hours a week only from April

---

[2] The UBOC Plan does not intend to waive other arguments that Plaintiff was not an Eligible Employee and/or Participant pursuant to the 1997 Plan Document by not raising those arguments here.

16, 2001 to May 25, 2001. Ex. A at p.2-3; Ex. C, § 2.1 at 11, as amended on Jan. 1, 2002, § 2.2 at 11.

Under ERISA, the UBOC Plan must apply the terms of the written plan documents. *Harlan v. Sohio Petroleum Co.*, 677 F. Supp. 1021, 1025 (N.D. Cal. 1988) ("An administrator breaches its fiduciary duties if it fails to administer a plan in accordance with the plan's language.") Because Plaintiff does not meet the terms of the 1997 Plan Document, the administrators of the UBOC Plan were *required* to deny his claim. He cannot prevail on a claim for benefits.

### 2. Plaintiff's Claim For Benefits Should Be Denied Because He Failed To File A Timely Claim For Benefits

Section 5.1 of the 1997 Plan Document required Plaintiff to provide "Written Notice of claim…to the Claim Administrator within nine (9) months after the date of commencement of Total Disability." Ex. C, § 5.1 at 31, as amended Jan. 1, 2002. Again, Plaintiff alleges that he became disabled in 2004, yet he failed to provide a written claim to the UBOC Plan until he submitted his informal letter to Union Bank of California dated September 25, 2006, nearly two years after the date of his disability. *See* Ex. B. Because Plaintiff failed to file a timely claim, as required by the 1997 Plan Document, Plaintiff's claim for benefits should be dismissed. *See e.g. Scharff v. Raytheon Co STD Plan, et al.*, 2007 U.S. Dist. Lexis 73844, *22 (C.D. Cal. 2007) (dismissing claim for benefits due to contractual limitations in ERISA plan).

### B. Plaintiff's Claim Pursuant to 29 U.S.C. § 1132(a)(3) is Improper Because Other Adequate Relief is Available

A claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), may not be converted into a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, (9th Cir. 1997) (29 U.S.C. § 1132(a)(3) "allow[s] individual relief for breach of fiduciary duty in an ERISA action only where no other adequate relief is available.") Where Congress provided adequate relief for a beneficiary's injury, such as through a claim for loss of benefits, there is "no need for further equitable relief" because such relief would not be "appropriate" under ERISA. *Varity Corp*, 516 U.S. at 515; *see also Ford v. MCI Commc'ns Corp. Health and Welfare Plan*, 399 F.3d 1076,

1083 (9th Cir. 2005) ("Because [plaintiff] asserted specific claims under 29 U.S.C §§ 1132(a)(1)(B) and 1132(a)(2) she cannot obtain relief under 29 U.S.C. § 1132(a)(3)('catchall' provision"); *see also Lamarco v. Cigna Corp.*, 2000 U.S. Dist. LEXIS 14341 (N.D. Cal. 2000), (court dismissed plaintiff's § 1132(a)(3) claim for breach of fiduciary duty "because [plaintiff] ha[d] an adequate claim against the [defendant] for withheld benefits") *citing Varity Corp.*, 516 U.S. at 514.

Plaintiff claims no injury other than the denial of benefits. Compl. ¶ 21. Accordingly, his only basis for relief is an action for loss of benefits under 29 U.S.C. § 1132(a)(1)(B). Because Plaintiff's claim is appropriately classified as a claim for benefits, and because he has pleaded such a claim under 29 U.S.C. § 1132(a)(1)(B), he may not seek duplicative recovery under 29 U.S.C. § 1132(a)(3). *Varity Corp.*, 516 U.S. at 515; *see* Compl. ¶¶ 16-18. Such relief is not "appropriate" under ERISA.

## V.  CONCLUSION

Even taking all of the material allegations in Plaintiff's Complaint as true, Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's claims should be dismissed in their entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, if the Court finds that it cannot properly consider the exhibits attached to this motion pursuant to Rule 12(b)(6), the UBOC Plan requests that the Court grant its motion for summary judgment under Federal Rule of Civil Procedure 56.

Dated:  April 22, 2008.                                   JONES DAY

By: /s/ - Sarah K. Hamilton
    Sarah K. Hamilton
Attorneys for Defendant
THE UNION BANK OF CALIFORNIA LONG TERM DISABILITY BENEFIT PLAN