# EXHIBIT A



RECD AUG 0 1 2007

SEDGWICK CMS / P.O. BOX 9830 / CALABASAS, CA 91372-0830 / TEL: (818) 591-9444 / FAX: (818) 591-7664

Visit us on the Internet at www.VPAinc.com

July 31, 2007

Roboostoff & Kalkin
A Proffessional Law Corporation
369 Pine St. Ste 610
San Francisco, CA 94104

Re:   John Noble
      Union Bank Of California - LTD
      Claim #: 781734

Dear Mr. Kalkin:

We have made a careful review of your request for appeal of the decision to deny benefits under Mr. Noble's employer's Long Term Disability Plan.

The Union Bank Long Term Disability Plan states, in part:

> "Employees of the Company shall become eligible to participate in the Plan at such time and under such conditions described in this Article II.
>
> 2.2   Participation
>
>    An Eligible Employee shall automatically become a Participant on the date following completion of two (2) months of continuous employment.
>
> 2.3   Termination of Participation
>
>    An Eligible Employee shall cease to participate in this Plan on the earliest of the following dates:
>
>    (a)   The date on which the Participant's employment terminates, or he is no longer an Eligible Employee as defined in Section 2.1 above for any reason other than his disability."

The Plan further states:

> "2.4   Re-employment and Requalification
>
>    If an employee shall again become an Eligible Employee following cessation of participation in the Plan, participation shall again begin in accordance with Section 2.2 above."

In addition, the Plan states, in part:

> "3.1  Coverage
>
> The Plan will pay disability income benefits in accordance with the terms set forth below, if a Participant becomes Totally Disabled and is under the regular care and treatment of a Doctor for the condition, which caused Total Disability.
>
> 3.9  Pre-existing Conditions
>
> If a Participant receives care or treatment for an accidental bodily injury or for an illness within the three (3) month period just prior to the date coverage becomes effective under the Plan, that injury or illness will be considered a pre-existing condition.
>
> No benefits are payable under this Plan for a disability arising pursuant to a pre-existing condition, unless the Participant has completed twelve (12) consecutive months of coverage under the Plan prior to the period of disability, as defined in Section 3.8"

The information in file confirms Mr. Noble originally became employed with Union Bank on October 30, 1985 and terminated his employment on November 26, 1999, at which time he ceased to be a Participant in the Long Term Disability Plan. Mr. Noble again became employed with Union Bank on April 16, 2001.

When Mr. Noble became re-employed with Union Bank on April 16, 2001, he was required to complete two (2) months of continuous employment in order to become a Participant under the Long Term Disability Plan as noted in 2.4 above. Given April 16, 2001 as his rehire date, Mr. Noble would not have been eligible to participate in the Plan until June 16, 2001.

Mr. Noble's last day at work was May 25, 2001. His disability was certified by his physician as of June 8, 2001, his admittance date into the inpatient rehabilitation program for substance and alcohol abuse. Mr. Noble was not a Plan Participant under the Long Term Disability Plan as of June 8, 2001 and therefore not eligible to received Long Term Disability benefits for the period of disability commencing June 8, 2001.

Information in file further confirms Mr. Noble was released to return to work on December 14, 2001, without limitations, at which time he was placed on an Unpaid Personal Leave in order to utilize the Posting process within Union Bank to locate a position with his employer. Mr. Noble did not locate another position with Union Bank, never returned to work, and his employment was subsequently terminated with Union Bank effective March 13, 2002, at which time all Plan participation would have ceased in accordance with Section 2.3 of the LTD Plan.

In a letter from Mr. Noble to Union Bank Corporate Benefits dated September 25, 2006, Mr. Noble questions his eligibility for benefits through Union Bank stating, "Since I have been disabled approximately two years, shouldn't I qualify for the Bank's Long Term Disability coverage?" By Mr. Noble's own admission as to his length of disability, there is an assumption he did not become disabled until sometime in 2004 and he would not have been a Plan Participant at the time he was claiming to be disabled.

We reviewed the Social Security decision that was forwarded to our office. Mr. Noble claimed his onset of disability as July 2, 2004, as a result of substantial gainful activity prior to this date. In reviewing the information in file, records clearly document Mr. Noble was employed with at least one other employer after his employment terminated with Union Bank. Records clearly indicate he was working for a company by the name of Specialties Etc. after his March 13, 2002 termination with Union Bank, as well as documentation that he was working for his father. As Mr. Noble ceased to be a Plan Participant upon termination with Union Bank, the Plan would have no liability for the disability beginning July 2, 2004, which was approved by Social Security.

In addition, Mr. Noble received care and treatment within the 3-month period prior to June 16, 20001. Had he become a Participant under the Plan, it appears his condition would have fallen under the exclusion in Section 3.9.

Mr. Noble was not a Participant of the Plan as of his date of disability, nor after his employment termination date of March 13, 2002. Documentation in file supports Mr. Noble was actively employed with other employers after his termination with Union Bank. He had no coverage under the Plan as of the date he is claiming disability, July 2, 2004. For all of these reasons, we have no alternative other than to reaffirm the denial of benefits/coverage under the Plan. A determination regarding whether Mr. Noble was in fact disabled as of July 2, 2004 is not relevant, as he was not covered by the Plan.

In order for you to perfect this claim, you will need to submit documentation supporting Mr. Noble was a covered Participant in the Plan as of his disability date, provide proof Mr. Noble was disabled prior to his termination of employment through July 2, 2004, submit documented proof that Mr. Noble was not employed by any other employers after his termination on March 13, 2002, and provide proof his disabling conditions were not pre-existing.

**If you disagree with the determination made on this claim, you have the right to appeal the decision.**

The decision on the claim may be appealed by submitting a *written request* for the appeal to Sedgwick CMS, the Claims Administrator. You must make the request within 180 days after the date of the denial, by January 26, 2008. If you do not appeal on time, you will lose the right to appeal this denial. If you do not appeal on time, you will also lose your right to file suit in court, as you will have failed to exhaust your administrative appeal rights, which is generally a prerequisite to bringing suit.

Your written appeal should state the reasons that you feel your claim should not have been denied. It should include any additional facts and/or documents that you feel support your claim. You may also ask additional questions and make written comments, and you may review (on request and at no charge) documents and other information relevant to your appeal. VPA will review all written comments you submit with your appeal.

- *Please send your written request for appeal to the address below:*

   Sedgwick CMS
   Claims Manager
   P.O. Box 9830
   Calabasas, CA  91372-0830

Sedgwick CMS, as the Claims Administrator, will act upon the request within 45 days after receiving it. The Claims Administrator may ask for additional time, but a decision, in writing, will be given within 90 days after the date of the written request for appeal. You will receive written explanation of the reason(s) from the Claims Administrator if your appeal review request is denied, or if after a thorough review, the original decision is upheld. If you do not receive notice of the Claims Administrator's decision by the end of the 90-day period, the appeal can be considered denied.

You have the right to bring a civil action under ERISA 502(a). If you file an appeal and your request for coverage or benefits is denied following review, you are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits.

Should you have any questions, please contact Sedgwick CMS

We regret that our response could not have been more favorable.

Should you have any questions, please feel free to contact our office at (800)326-2187.

Sincerely,

*Janet Curry*

Janet Curry
Appeals Manager

cc: Union Bank of California