Scott Kalkin 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 610
San Francisco, California 94104
Tel: (415) 732-0282
Fax: (415) 732-0287

Attorney for Plaintiff John Noble

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Noble,<br><br>    Plaintiff,<br><br>v.<br><br>The Union Bank of California Long Term Disability Benefits Plan,<br><br>    Defendant. | No: C 08-00115 SI<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: July 11, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom 10 |

  Plaintiff, John Noble, submits the following memorandum of points and authorities in opposition to defendant The Union Bank of California Long Term Disability Benefits Plan's (hereinafter "The Plan") motion to dismiss the two causes of action set forth in his complaint.

### INTRODUCTION.

  This case involves a claim for benefits and other appropriate equitable relief under the Union Bank of California's disability benefits plan. The crux of the instant motion to dismiss

is defendant's claim that plaintiff was not a Plan participant (and, thus, ineligible for benefits) at the time the Plan elected to treat certain correspondence from plaintiff in 2006 as a claim for long term disability benefits. This contention is premised upon defendant's mistaken assumption that the date plaintiff became disabled was July 2, 2002.

In paragraph four of his complaint, plaintiff has pled that he was a Plan participant "at all relevant times." This allegation is based upon evidence contained in the administrative record which indicates that plaintiff first became disabled under the terms of the disability plan at issue on May 29, 2001, when the Plan granted him short term disability benefits. It is plaintiff's contention that he remained disabled under the terms of the Plan, up to and including the time that the Plan chose to treat a September 25, 2006, letter from plaintiff as a claim for long term disability benefits. As such, by virtue of his continuous disability, plaintiff was still a Plan participant at the time his claim for long term disability benefits was made. Should plaintiff be able to prove these facts at trial, he would be entitled to the relief sought in his first cause of action. As such, defendant's motion should be denied.

While paragraph 9 of the complaint alleges that plaintiff was found totally disabled by the Social Security Administration as of July 2, 2002, this is not the date plaintiff claims he first became totally disabled for purposes of obtaining disability benefits under the Plan. By virtue of the numerous medical records and other documents contained in the administrative record, the Plan has been aware since May or June of 2001 that plaintiff claims his disability began at that time. Should the Court find that the complaint is not sufficiently clear as to the date of disability, plaintiff will be happy to amend it accordingly.

Defendant next contends that plaintiff's claim should be dismissed because it was not timely filed. Aside from the facts that this is an issue that was never raised during the administrative process, and it was the Plan which opted to treat the September 25, 2006, letter from plaintiff as a claim for benefits which it denied and then encouraged him to appeal, the

terms of the Plan at issue provide that plaintiff's claim for long term disability benefits "may begin after [he had] been unable to work for 364 consecutive calendar days." All that is required to file a claim is that the employee "call" the claims administrator. Here plaintiff has alleged that he was disabled for a period of time longer than 364 consecutive days. While he has not alleged in the complaint that he called the claims administrator, it appears undisputed that he did so, and that the administrator caused disability benefits to be paid. Additionally, even if plaintiff's claim was untimely, defendant has not alleged any prejudice resulting therefrom[1]. For each of these reasons, defendant's argument is of no avail.

Finally, defendant's attempt to dismiss plaintiff's second cause of action for equitable relief under 29 U.S.C. § 1132(a)(3) must fail because plaintiff is not seeking monetary relief or making a claim for plan benefits under this cause of action. Rather, he is seeking declaratory and injunctive relief, both of which are authorized by the statute itself and the case law construing it.

**STATEMENT OF RELEVANT FACTS.**

Plaintiff John Noble was employed by Union Bank of California for approximately fifteen years. He began working for the bank in 1985, rising to the level of vice-president in approximately 1991. Mr. Noble left the bank's employ in 1998 and then returned as a Vice-President/ Relationship Manager on April 1, 2001.

At the end of May 2001, plaintiff became disabled and filed a claim for short term disability benefits. His date of disability was May 29, 2001. The bank's disability plan paid plaintiff benefits for approximately three months and then terminated the claim.

Plaintiff had ongoing communications with the bank regarding his employee benefits

---

[1] Defendant does not discuss the notice-prejudice rule applicable to ERISA benefits claims in its moving papers. (See, for example, *UNUM v. Ward*, 119 S.Ct. 1380 (1999).)

over the next few years. The bank received a letter from plaintiff dated September 25, 2006, and elected to treat it as a claim for long term disability benefits which it denied on October 3, 2006.

On or about April 2, 2007, plaintiff timely appealed the Plan's denial of his benefits. Among other things, plaintiff sent the Plan documentation of his disability dating back to 2001, and asked that it pay his benefits.

On May 11, 2007, the Plan granted itself a forty five (45) extension of time within which to make a decision on plaintiff's appeal, thus, making its decision due on June 30, 2007, under the applicable Department of Labor regulations.

On July 31, 2007, defendant, through a third party claims administrator not granted discretion to administer claims by the Plan, denied plaintiff's appeal. The instant lawsuit eventually followed.

## ARGUMENT.

### I.

### PLAINTIFF'S CLAIM FOR PLAN BENEFITS IS VIABLE BECAUSE HE HAS PROPERLY PLED THAT HE IS A PLAN PARTICIPANT.

**1.     Rules Applicable to Resolution of Defendant's Motion to Dismiss.**

A motion to dismiss under FRCP 12(b)(6) is similar to a common law demurrer in that it tests the sufficiency of the claims stated in a complaint. In resolving the motion, the court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is an unequivocal "no," the motion must be denied. (*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).)

In resolving a Rule 12(b)(6) motion, the court must: 1) construe the complaint in the

light most favorable to the plaintiff; 2) accept all well-pleaded factual allegations as true; and 3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. (*Cahill v. Liberty Mutual Insurance Company,* 80 F.3d 336, 337-338 (9th Cir. 1996); *Vector Research Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 697 (6th Cir. 1996).)

In order for a motion to dismiss to be successful, any defects relied upon must appear on the face of the complaint. Thus, in resolving a motion to dismiss under Rule 12(b)(6), the court cannot consider material outside the complaint such as affidavits or discovery materials. (*Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912 (9th Cir. 2001).) While a party moving to dismiss may ask the court to consider documents referred to in the complaint to show that they do not support plaintiff's claim(s), they may only do so only if: 1) the complaint refers to that particular document; 2) the document is "central" to the plaintiff's claim; and 3) there is no dispute as to authenticity or accuracy of the document. (*Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994).) Where evidence outside the pleadings is presented as part of a Rule 12(b)(6) motion, the court has discretion to either consider or reject it. (*Skyberg v. United Food & Commercial Workers International Union,* 5 F.3d 297, 302 (8th Cir. 1993).) Any ambiguities in the document(s) must be resolved in favor of the plaintiff. (*International Audio-text Network, Inc. v. AT&T* 62 F.3d 69, 72 (2nd Cir. 1995).)

**2.   Plaintiff has Properly Pled that He is a Plan Participant and Entitled to Coverage Under the Terms of the Plan.**

Here, plaintiff has pled that he was a plan participant at all relevant times and, thus, a participant on the date his claim for long term disability benefits was deemed filed by the bank. Assuming *arguendo*, that plaintiff can prove at trial that he became disabled in May of 2001 and remained so until September of 2006 when the Bank deemed he had filed his

1  claim for benefits, he will be entitled to the relief requested in his first cause of action. As
2  such, defendant's motion must be denied and the Court need go no further in its analysis
3  of this issue.

**3.    The Declaration of J. Elaine Macey and the Documents Attached Thereto Should Not Be Considered in Resolving Defendant's Motion to Dismiss.**

In support of its argument, defendant references a 1997 plan document attached to the declaration of J. Elaine Macey. The Court should not consider this document in resolving the issues raised by defendant's motion to dismiss because there is a dispute between the parties as to whether the plan document attached to the Macey declaration as Exhibit C is the plan document which governs this claim.

As noted previously, a court may not consider affidavits or materials outside of the complaint in ruling upon a motion to dismiss and only under very limited circumstances may a party moving to dismiss ask the court to consider documents referred to in the complaint to show that they do not support plaintiff's claim(s). (*Arpin v. Santa Clara Valley Transportation Agency*, *supra*, 261 F.3d 912.) That party may only do so only if: 1) the complaint refers to that particular document; 2) the document is "central" to the plaintiff's claim; <u>and</u> 3) there is no dispute as to authenticity or accuracy of the document. (*Branch v. Tunnell*, *supra*, 14 F.3d at p. 454.) In the instant case, the plan document defendant proffers does not pass this test.

As is more fully set forth in the accompanying declaration of counsel filed herewith, during the course of the administrative process, plaintiff made a request for plan documents. In response to that request, the Plan produced, among other things, a document which appears to be a summary plan description for the bank's Short and Long Term Disability Plans dated "10/00." (See, Exhibit 1 attached to the declaration of counsel

filed herewith.) As is explained more fully below, the terms of this document differ substantially from those of the plan document referenced by defendant in its motion. As such, there is no basis for this Court to find that the complaint "refers" to the plan document defendant proffers. Similarly, this document may not be "central" to plaintiff's claims if it is not the plan document which controls the issues raised herein. Finally, there appears to be a *bona fide* dispute as to the "accuracy" of this document in relation to the claims raised herein. As such, this Court should not consider the declaration and plan document proffered by defendant in support of its motion and the motion should be denied.

**4. Even If the Court Considers the Declaration and Documents Proffered, They, at Best, Create a Genuine Issue of Material Fact.**

Assuming, *arguendo*, that the Court does consider the declaration and documents defendant has submitted in support of its motion and chooses to treat the instant motion as one for summary judgment, when one compares the summary plan description referenced above to the plan document proffered by defendant, it is evident that defendant, at best, has created a genuine issue of material fact as to what the relevant terms of the disability plan at issue are.

The year 2000 Summary Plan Description produced by the Plan during the administrative process contains the following relevant terms:

> 1. Short term disability (STD) coverage begins on your first day at work and applies to the first year of disability. (See, SPD at p.1.)
>
> 2. When you become eligible, you are enrolled automatically for long term disability (LTD) coverage. If you meet the plan criteria and are totally disabled for more than one year, the LTD plan provides two-thirds of your regular monthly income . . . . (See, SPD at p.1.)

Points and Authorities in Opposition
to Motion to Dismiss                    7                    C 08-00115 SI

        3. A claim may be filed by calling the claim administrator. (See, SPD at p.4.)

        4. Automatic LTD coverage begins two months after your date of hire or on the date you become benefits eligible, whichever occurs later. (See, SPD at p.6.)

        5. LTD benefits begin "after you have been unable to work for 364 consecutive calendar days. (See, SPD at p.6.)

As can be seen, these plan provisions differ significantly from those contained in the plan document defendant would have this Court rely upon.

In the context of a claim for benefits under ERISA § 502(a)(1)(B) where the terms of a Summary Plan Description differ from those contained in other plan documents, the Ninth Circuit has held that the document with the terms most favorable to the participant control. (*Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139 (9th Cir. 2002).) Here, the parties are not in agreement as to the plan language which controls this claim. Consequently, a genuine issue of material fact exists as to what the relevant terms of the disability plan at issue are and defendant's motion should be denied.

### 5.   **Plaintiff's Claim was Timely Filed.**

As previously noted, the issue of the timeliness was never raised by defendant during the administrative process. Moreover, it was the Bank which opted to treat the September 25, 2006, letter from plaintiff as a claim for benefits which it later denied and then encouraged him to appeal.

The terms of the plan cited above provide that plaintiff's "automatic" claim for long term disability benefits "may begin after [he had] been unable to work for 364 consecutive calendar days" All that is required to file a claim is that the employee "call" the claims administrator. Here plaintiff has alleged that he was disabled for a period of time longer than 364 consecutive days. While he has not alleged in the complaint that he called the

claims administrator, it appears undisputed that he did so, and that the administrator caused short term disability benefits to be paid. Additionally, even if plaintiff's claim was untimely, defendant has not alleged, much less proved, any prejudice resulting therefrom as it is required to do under *UNUM v. Ward*, 119 S.Ct. 1380 (1999).

For each of the foregoing reasons, plaintiff has properly pled his first cause of action. Even if the Court sees fit to convert this motion to a motion for summary judgment, there is a genuine issue of material fact as to which plan document(s) control the issues raised by this case, and also with respect to when, or whether, plaintiff became totally disabled under the terms of the plan. Given this state of affairs, defendant's motion should be denied.

## II.

### PLAINTIFF'S CLAIM FOR RELIEF UNDER ERISA SECTION 502(a)(3) IS COGNIZABLE BECAUSE IT SEEKS EQUITABLE RELIEF IN ADDITION TO BENEFITS UNDER SECTION 502 (a)(1)(B).

Defendant next contends that plaintiff's second cause of action for equitable relief should be dismissed because "other adequate relief is available." Given the relief being requested, defendant is wrong.

Under ERISA §502(a)(3) [29 U.S.C. § 1132(a)(3)], a participant or beneficiary of a plan may bring a civil action to enjoin any act or practice which violates any provision of ERISA or the terms of the plan.

Under ERISA §409, the court is empowered to impose equitable or remedial relief it may deem appropriate against a fiduciary, including removal of such fiduciary, if it finds that the fiduciary breached any responsibility, obligation, or duty imposed upon the fiduciary by ERISA.

---

Here, in his second cause of action plaintiff is seeking a declaration from this Court that defendant has breached its fiduciary duty to plaintiff and injunctive relief enjoining defendant from further breaches of its fiduciary duty.  These are remedies that are traditionally available in courts of equity and under ERISA § 502(a)(3).  They are also specifically authorized in cases such as *Moore v. American Federation of Television and Radio Artists,* 216 F.3d 1236, 1247 (11th Cir. 2000) and *Donovan v. Mazzola,* 716 F.2d 1226, 1238-39 (9th Cir. 1983).

Admittedly, in the prayer of his complaint, plaintiff lumped together all of the remedies he was seeking through his first and second causes of action.  Should the Court so desire, plaintiff will gladly amend his complaint to clarify that he is not seeking monetary relief, or benefits *per se* through his second cause of action.

**CONCLUSION.**

For all of the foregoing reason, defendant's motion should be denied.

Respectfully submitted,

**ROBOOSTOFF & KALKIN**

Dated: June 19, 2008                By:_____/s/_____
                                    Scott Kalkin
                                    Attorneys for plaintiff

**PROOF OF SERVICE**

I, the undersigned, declare:

I am over the age of 18 years and not a party to this action or proceeding. My business address is 369 Pine Street, Suite 610, San Francisco, California 94104, where I am employed:

On June 19, 2008, I caused to be served the following document(s):

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES<br>IN OPPOSITION TO MOTION TO DISMISS

| | |
|---|---|
| X | MAIL - placed in the United States mail at San Francisco, California, postage fully prepaid. |
| ___ | PERSONAL SERVICE - delivered by hand to the addressee. (Jetset Couriers) |
| ___ | FAX - same day delivery by facsimile transmission to the addressee's fax number. |
| X | E-FILED - served pursuant to Northern District of California General Order 45. |

addressed to the following:

Sarah K. Hamilton, Esq.
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 19, 2008, at San Francisco, California.

/s/
Scott Kalkin