Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
Sarah K. Hamilton (State Bar No.  238819)
skhamilton@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
UNION BANK OF CALIFORNIA LONG TERM
DISABILITY BENEFIT PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NOBLE<br><br>        Plaintiff,<br><br>v.<br><br>UNION BANK OF CALIFORNIA LONG TERM DISABILITY BENEFIT PLAN<br>        Defendant. | **Case No: 3:08-cv-00115-SI**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:  July 11, 2008<br>Time:  9:00 A.M.<br>Dept:  Courtroom 10<br><br>Before the Honorable Susan Illston |

1

TABLE OF CONTENTS

2

Page

3    I.    INTRODUCTION ........................................................................................... 1

4    II.   ARGUMENT .................................................................................................. 1

5          A.    A Claim For Benefits Based Upon A 2001 Disability Must Be Dismissed............ 1

6                1.    Any Alleged 2001 Long Term Disability Claim Must Be Dismissed
                       Because Plaintiff Failed To Timely Exhaust The Claim. ........................... 2

7                2.    Any Alleged 2001 Long Term Disability Claim Must Be Dismissed
                       Because It Is Barred By The Statute Of Limitations.................................... 2

8          B.    Plaintiff Does Not Dispute That He Is Ineligible For Benefits Arising Out

9                Of A 2004 Disability ..................................................................................... 3

10         C.    Plaintiff's Section 1132(A)(3) Claim Is Not Permitted Pursuant To Ninth
                 Circuit Authority ........................................................................................... 3

11         D.    The Plan Document Properly Is Before This Court ................................................ 4

12         E.    Plaintiff's Claims Should Be Dismissed with Prejudice........................................ 5

13   III.  CONCLUSION ............................................................................................... 5

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

TABLE OF AUTHORITIES

2

Page

3

Cases

4

Cisneros v. UNUM Life Ins. Co. of Am.
    134 F.3d 939, 945 (9th Cir. 1998)............................................................................. 3

5

Diaz v. United Agric. Emp. Welf. Benefit Plan and Trust
    50 F.3d 1478 (9th Cir. 1995)................................................................................... 2

6

Donovan v. Mazzola
    716 F.2d 1226 (9th Cir. 1983).................................................................................. 4

7

8

Ford v. MCI Commc'ns Corp. Health and Welfare Plan
    399 F.3d 1076, 1083 (9th Cir. 2005).................................................................... 1, 4

9

Forsyth v. Humana, Inc.
    114 F.3d 1467 (9th Cir. 1997).................................................................................. 3

10

11

Grenell v. UPS Health and Welf. Package
    390 F.Supp. 2d 932 (C.D. Cal. 2005) .................................................................... 2, 5

12

Lee v. City of Los Angeles
    250 F.3d 668, 688 (9th Cir. 2001)........................................................................... 5

13

14

Moore v. American Federation of Television and Radio Artist
    216 F.3d 1236 (11th Cir. 2000)............................................................................... 4

15

Scharff v. Raytheon Co STD Plan, et al.
    2007 U.S. Dist. Lexis 73844, *8 (C.D. Cal. 2007) ................................................ 5

16

17

UNUM Life Ins. Co. of Am. v. Ward
    526 U.S. 358, 375 (1999)....................................................................................... 3

18

Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program
    222 F.3d 643 (9th Cir. 2000).................................................................................. 2

19

20

Statutes

21

29 U.S.C. § 1132(a)(1)(b) .................................................................................... 1, 3, 4

22

29 U.S.C. § 1132(a)(3) ........................................................................................ 1, 3, 4

23

Rules

24

Federal Rule of Civil Procedure 12(b)(6) .......................................................... 5

25

26

27

28

1

### I.    INTRODUCTION

2

There are two potential dates that Plaintiff allegedly became disabled, neither of which

3

supports a viable claim for benefits under the Union Bank of California Long Term Disability

4

Plan ("UBOC Plan").  Plaintiff's Complaint asserts that he became disabled in July 2004.

5

Plaintiff's Opposition does not dispute that he was not covered by the UBOC Plan in 2004 (*see*

6

Defendant's motion at 6-7).  Accordingly, a claim based on a 2004 date of disability fails.

7

Plaintiff's Opposition seeks to avoid dismissal by claiming that his disability arose in

8

2001.  The Opposition makes clear that disability benefits were paid for approximately three

9

months in 2001, and then terminated.  Opp. at 3:22-23.  Plaintiff did not exhaust his

10

administrative remedies regarding the closure of his claim in 2001, nor did he file litigation

11

within the four year statute of limitations.  A claim based on a 2001 disability, therefore, likewise

12

fails.  There simply is no cognizable claim for either a 2001 or 2004 disability.

13

Plaintiff's claim under 29 U.S.C. § 1132(a)(3) for equitable relief also lacks merit.

14

Plaintiff is seeking a declaration or injunction regarding his entitlement to benefits.  The law is

15

clear that the only method to pursue a claim for benefits is a 29 U.S.C. § 1132(a)(1)(b) claim, and

16

that seeking benefits by merely relabeling the claim is not sufficient.  *See Ford v. MCI Commc'ns*

17

*Corp. Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005) ([b]ecause [plaintiff]

18

asserted specific claims under 29 U.S.C §§ 1132(a)(1)(B) . . . [he] cannot obtain relief under 29

19

U.S.C. § 1132(a)(3)('catchall' provision).")  It is settled Supreme Court and Ninth Circuit law

20

that Plaintiff cannot state a claim pursuant to 29 U.S.C. § 1132(a)(3).

21

Because additional facts will be futile to Plaintiff's claims, Defendant's motion should be

22

granted, and Plaintiff's Complaint should be dismissed with prejudice.

23

### II.    ARGUMENT

24

#### A.    A Claim For Benefits Based Upon A 2001 Disability Must Be Dismissed.

25

Perhaps the best evidence that Plaintiff is unable to state a claim for benefits under 29

26

U.S.C. § 1132 (a)(1)(B) is that he devoted less than seven lines of his opposition brief to arguing

27

this point.  *See* Opp. at 5:22-6:3.  Plaintiff's argument is "Assuming *arguendo*, that plaintiff can

28

prove at trial that he became disabled in May of 2001 and remained so until September 2006

SFI-586376v1

Defendant's Reply ISO Motion to Dismiss
3:08-cv-00115-SI

when the Bank deemed he had filed his claim for benefits, he will be entitled to the relief requested in his first cause of action." Plaintiff is wrong for two independent reasons – even if he were disabled from May 2001 through September 2006 (which Defendant disputes), his claim is barred due to his failure to exhaust and the statute of limitations.[1]

### 1. Any Alleged 2001 Long Term Disability Claim Must Be Dismissed Because Plaintiff Failed To Timely Exhaust The Claim.

If Plaintiff is suing based on a 2001 claim for disability, this claim was admittedly closed in 2001 after being paid for three months. *See* Opp. at 3:21-22. Plaintiff did not appeal the closure of this claim, and therefore failed to exhaust the administrative remedies on this claim as required by ERISA. *See e.g., Diaz v. United Agric. Emp. Welf. Benefit Plan and Trust*, 50 F.3d 1478 (9th Cir. 1995)(dismissing Plaintiff's claim for benefits because he failed to exhaust the administrative remedies when he did not timely appeal a denial of benefits); *see also Grenell v. UPS Health and Welf. Package*, 390 F.Supp. 2d 932 (C.D. Cal. 2005) (Court dismissed Plaintiff's claim where Plaintiff failed to timely file an appeal to a denial of benefits). Plaintiff cannot proceed in this Court due to his failure to exhaust. *Id.*

### 2. Any Alleged 2001 Long Term Disability Claim Must Be Dismissed Because It Is Barred By The Statute Of Limitations.

In addition, any alleged claim based on his 2001 disability is barred by the statute of limitations. For ERISA claims arising in California, the statute of limitations is four years. *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643 (9th Cir. 2000) (statute of limitations borrowed from most analogous state law, which in California is four year breach of written contract). An ERISA cause of action accrues at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied. *Id.* at 649. Plaintiff's 2001 benefits were admittedly terminated in 2001. *See* Opp. at 3:20-22

---

[1] While Defendant disagrees that there is any material difference between the terms of the Union Bank of California 1997 Long Term Disability Benefits Plan Document (the "1997 Plan Document") attached to Defendant's motion (Docket 9) and the portions of the summary plan description attached to the Declaration of Counsel (Docket 14) (*see* Section II.D), the Court need not rely on any plan terms to dismiss Plaintiff's claim now that he has clarified that only a 2001 date of disability is at issue. Exhaustion and statute of limitations are legal bars -- as opposed to plan term bars -- to the claim. Plaintiff's discussion of plan terms (Opp. at 7-8) is irrelevant to the only claim (a 2001 disability) discussed in the Opposition.

("[Plaintiff's] date of disability was May 29, 2001. The bank's disability plan paid plaintiff benefits for approximately three months and then terminated the claim."). Because Plaintiff did not bring this suit until January 7, 2008, more than six years after the closure of his 2001 claim, his claim for benefits is time barred and must be dismissed.

### B.    Plaintiff Does Not Dispute That He Is Ineligible For Benefits Arising Out Of A 2004 Disability.

Plaintiff does not contest that he is ineligible for benefits arising out of the 2004 disability alleged in his Complaint and giving rise to his 2006 claim for benefits. Instead, he asserts in his Opposition only that the claims in his Complaint are based on an earlier 2001 disability. It is, therefore, undisputed that Plaintiff was not a Plan Participant at the time of his 2004 disability for the reasons discussed in Defendant's Motion to Dismiss.[2]

### C.    Plaintiff's Section 1132(A)(3) Claim Is Not Permitted Pursuant To Ninth Circuit Authority.

As discussed in Defendant's Motion to Dismiss, the Ninth Circuit has held that equitable relief under section 29 U.S.C. § 1132(a)(3) is not "appropriate" in cases such as these, where section 29 U.S.C. § 1132(a)(1) provides an "adequate remedy." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997), *see also* MTD at 7-8. Just as in *Forsyth*, Plaintiff here pleads both a section 1132(a)(1)(B) claim for benefits and a section 1132(a)(3) claim for breach of fiduciary duty, where the section 1132(a)(1)(B) provides an adequate remedy.

Plaintiff's arguments to the contrary (Opp. at 9-10) are without merit. Plaintiff contends that his claim under 29 U.S.C. § 1132(a)(3) is a claim seeking a "declaration from this Court that

---

[2] Plaintiff's incorrectly argues that the notice-prejudice rule applies to his untimely 2006 claim. The notice-prejudice rule applies only to insured plans, not self-funded plans such as the UBOC Plan. *See Cisneros v. UNUM Life Ins. Co. of Am.*, 134 F.3d 939, 945 (9th Cir. 1998) ("The California notice-prejudice rule controls the terms of the insurance relationship…As the Ninth Circuit observed, the rule, by its very terms, 'is directed specifically at the insurance industry and is applicable only to insurance contracts.'"); *see also UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 375 (1999) ("California's notice-prejudice rule focuses on the insurance industry. The rule 'does not merely have an impact on the insurance industry; it is aimed at it.'").

Regardless, even if the notice-prejudice rule applied, Defendant was prejudiced by Plaintiff's failure to timely pursue his claim. Plaintiff now alleges that he was disabled in 2001, yet his physician reported he was permitted to return to work without restrictions in December 2001. By not filing a claim until 2006 (or exhausting his 2001 claim), Defendant was prevented from conducting a contemporaneous medical examination in 2001. This is precisely the reason for having contractual time bars in the Plan and statutory limitations periods.

1    defendant has breached its fiduciary duty to plaintiff and injunctive relief enjoining defendant

2    from further breaches of its fiduciary duty."  In short, what Plaintiff is requesting is a declaration

3    or injunction that he is entitled to benefits under the Plan, *i.e.* he is impermissibly seeking a claim

4    for benefits which is duplicative of his 29 U.S.C. § 1132(a)(1)(b) claim.  *See Ford*, 399 F.3d at

5    1083 (9th Cir. 2005) ("Because [plaintiff] asserted specific claims under 29 U.S.C. §§

6    1132(a)(1)(B) and 1132(a)(2), she cannot obtain relief under 29 U.S.C. § 1132(a)(3), ERISA's

7    'catchall' provision.").

8        The cases cited by Plaintiff are inapposite.  First, both *Moore v. American Federation of*

9    *Television and Radio Artists*, 216 F.3d 1236 (11th Cir. 2000) and *Donovan v. Mazzola*, 716 F.2d

10   1226 (9th Cir. 1983) are factually distinguishable because the plaintiffs in those cases did not

11   allege a section 29 U.S.C. § 1132(a)(1)(B) claim against the moving defendant, which is the claim

12   that provides adequate alternative relief here.  In fact, *Donovan* does not even involve a claim

13   under 29 U.S.C. § 1132(a)(3).  Further, the court in *Moore* upheld the district court's decision to

14   dismiss the (a)(3) claim because "Congress had provided plaintiffs with an appropriate remedy

15   and further equitable relief [was] not mandated."  Plaintiff's reference to these cases does not

16   support the result he seeks.  His section 29 U.S.C. § 1132(a)(3) claim should be dismissed.

17       **D.    The Plan Document Properly Is Before This Court.**

18       Plaintiff's challenge to the Court's consideration of the 1997 Plan Document is not well

19   taken, and he does not provide any basis for the Court not to consider any other documents

20   referenced in the Complaint and/or submitted in support of the motion.

21       While Plaintiff argues that he has "created an issue of fact" based upon plan terms,

22   nothing in the terms he quotes is inconsistent with Defendant's motion.  Plaintiff's Opposition

23   concedes that the summary plan description provides that long-term disability coverage begins

24   when an employee becomes eligible (Opp. at 7:23-24 (Item 2)) and that this coverage starts two

25   months after an employee is hired (Opp. at 8:2-3 (Item 4)).[3]  This is consistent with Defendant's

26   _____

    [3] Plaintiff's references to other summary plan description provisions have no bearing on his
    coverage under the long term disability plan, which is the issue in Defendant's motion.  Short term

27   disability benefits are not sought in this lawsuit (and the claim was paid for three months, closed and
    not appealed) and were not referenced in Defendant's motion, so it is unclear how Item 1 is relevant.

28   *See* Opp. at 7. Item 3 also relates to short term disability claims, and is not relevant.  *See* Opp. at 8.
    Item 5 misstates the provision (which states that "LTD benefits *may* begin after you have been unable

motion.  *See* Motion at 5 ("Section 2.2 of the 1997 Plan Document provides that "An Eligible Employee shall automatically become a Participant on the date following completion of two (2) months of continuous employment.").  The plan document may properly be considered on a motion to dismiss. *See e.g.  Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Scharff v. Raytheon Co STD Plan, et al*., 2007 U.S. Dist. Lexis 73844, *8 (C.D. Cal. 2007). Likewise, there is no factual dispute that precludes summary judgment if the Court converts the motion to a motion for summary judgment.

   **E.**    **Plaintiff's Claims Should Be Dismissed with Prejudice.**

Plaintiff is unable to amend his Complaint in order to properly state a claim.  Because amendment of the Complaint would be futile, Plaintiff's claims should be dismissed with prejudice. *See e.g. Grenell*, 390 F.Supp. 2d 932 (C.D. Cal. 2005) (denying request for leave to amend where amendment would be futile).

**III.    CONCLUSION**

Even taking all of the material allegations in Plaintiff's Complaint as true, Plaintiff fails to state a claim upon which relief can be granted.  Accordingly, Plaintiff's claims should be dismissed with prejudice in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  June 27, 2008.                    JONES DAY


                                     By: /s/ - Sarah K. Hamilton
                                          Sarah K. Hamilton
                                     Attorneys for Defendant
                                     THE UNION BANK OF CALIFORNIA LONG
                                     TERM DISABILITY BENEFIT PLAN

_____

(continued…)

to work for 364 consecutive calendar days" (Docket 14-2 at 6)), and relates to benefit payments as opposed to coverage.  *Id.*