IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NOBLE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNION BANK OF CALIFORNIA LONG TERM DISABILITY BENEFITS PLAN,<br><br>    Defendant.<br>_____/ | No. C 08-115 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On July 11, 2008, the Court heard argument on defendant's motions to dismiss and/or for summary judgment. After consideration of the parties' arguments, the Court hereby GRANTS the motion and DISMISSES this action.

**BACKGROUND**

On January 7, 2008, plaintiff John Noble filed this action against defendant Union Bank of California ("UBOC") Long Term Disability Benefits Plan pursuant to the Employee Retirement Income Security Act ("ERISA").

Plaintiff was employed by UBOC from April 2001 until March 13, 2002.[1] According to claim documents, the accuracy of which plaintiff does not dispute, plaintiff worked from April 16, 2001 to May 25, 2001, at which point he went out on disability leave. Plaintiff received short term disability benefits from UBOC in May 2001 for approximately three months. Plaintiff did not file an appeal when

---

[1] Plaintiff also worked for UBOC from 1985-1999; that period of employment is not relevant to the instant case.

UBOC terminated his short term benefits. Plaintiff's employment with UBOC ceased on March 13, 2002 after he did not obtain another position with UBOC through UBOC's "Posting process." Def's Motion, Ex. A. Plaintiff now seeks long term disability benefits under the UBOC plan.

Plaintiff's complaint alleges that by letter dated September 25, 2006, plaintiff requested that UBOC provide him with long term disability benefits, representing that he had been disabled for approximately two years. *See* Def's Motion, Ex. B ("Since I have been disabled approximately two years, shouldn't I qualify for the Bank's Long Term Disability coverage?"). Plaintiff's complaint likewise refers to the determination of the Social Security Administration's Office of Hearings and Appeals that plaintiff was totally disabled as of July 2, 2004. Complaint ¶¶ 7, 9. UBOC denied the claim for long term benefits on October 3, 2006 and plaintiff appealed that decision on April 2, 2007. Defendant denied plaintiff's appeal on July 31, 2007 through its third party claims administrator. *See* Def's Motion, Ex. A. Plaintiff then filed this lawsuit.

Defendant moved to dismiss the complaint on the ground that, *inter alia*, plaintiff was not a plan participant in 2004 because plaintiff's employment with UBOC ceased in 2002. In response to defendant's motion, plaintiff argued – for the first time – that he became permanently disabled in May 2001, when the UBOC plan granted him short term disability benefits. Pl's Oppo. at 2. Both in his opposition papers and at the hearing on this matter, plaintiff stated that his claim for benefits is based on the 2001 claim, and that UBOC wrongfully terminated his benefits in September 2001.[2]

## LEGAL STANDARDS

### I. Motion to dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

---

[2] In this respect, plaintiff's opposition papers are substantially inconsistent with plaintiff's complaint. The complaint made no mention at all of the May 2001 short term disability claim, and instead only mentioned the September 25, 2006 claim for long term disability benefits, based on the Social Security Administration determination that plaintiff was totally disabled as of July 2, 2004.

2

evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow plaintiff to develop the case at this stage of the proceedings. *See U.S. v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court chooses to dismiss the complaint, it must decide whether to grant leave to amend. In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*quoting Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)).

## II.    Summary judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non- moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).

3

In deciding a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.*

**DISCUSSION**

Defendant moves to dismiss plaintiff's action on a number of grounds. Defendant argues that plaintiff is not entitled to benefits because he was not a participant in the UBOC Plan at the relevant times. Defendant also argues that plaintiff failed to file a timely claim for benefits and that his suit is barred by the statute of limitations. Finally, defendant asserts that plaintiff's claim for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) is improper.

Plaintiff's complaint framed his action as arising out of the September 2006 claim for long term benefits, but his later motion papers have also asserted rights arising out of the 2001 claim for short term benefits and the termination of those benefits. Therefore, the Court analyzes both "claims."

**I.    2006 claim**

Plaintiff's complaint alleges that plaintiff has complied with all terms and conditions of the Plan at all relevant times, and that he was totally disabled as of July 2, 2004. Defendant asserts, however, that plaintiff was never eligible for long-term benefits under the plan, and the Court agrees.

Plaintiff received short-term benefits for about three months. Those benefits then terminated, without appeal or protest by plaintiff, and plaintiff's employment was terminated about seven months later. The Plan materials state that long term disability benefits begin only after an eligible employee is unable to work and has received short term disability benefits for 364 consecutive days, Kalkin Decl., Ex. 1 at UBC 00105, 00110. Further, employees are eligible for short term benefits only while employed. Here, plaintiff received short term disability benefits for only three months, not 364 consecutive days, and was not even eligible for any further short term benefits after his employment terminated in March 2002. Under these circumstances, he never became eligible for long term benefits.

4

In any event, the plan provides that long term disability coverage "stops on the date that: . . . . you resign, retire, are laid off or are terminated." *Id*. UBC 00115.

Under the facts of this case, plaintiff's eligibility for either short term or long term disability coverage ended upon his termination in 2002. Accordingly, to the extent plaintiff's claim is evaluated based on the September 2006 claim and a disability date of 2004, the Court GRANTS summary judgment in favor of defendant because plaintiff was not a UBOC plan participant in 2004 or 2006.

## II.    2001 claim

Alternatively, to the extent plaintiff's claim is based on the 2001 termination of short term benefits, any such claim is barred by the statute of limitations and by plaintiff's failure to exhaust his claim.

In *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643 (9th Cir. 2000) (*overruling Nikaido v. Centennial Life Ins. Co.* 42 F.3d 557 (9th Cir. 1994)), the Ninth Circuit held that the statute of limitations for an ERISA claim is borrowed from the most analogous state law, California Code of Civil Procedure § 337. *Id*. at 648. Section 337 provides that the statute of limitations is four years for "an action upon any contract, obligation or liability founded upon an instrument in writing . . . ." Cal. Code Civ. Proc. § 337(1). *Wetzel* also held that the statute of limitations for "an ERISA cause of action accrues either at the time benefits are actually denied, *Menhorn v. Firestone Tire & Rubber Co.,* 738 F.2d 1496, 1501 (9th Cir. 1984), or when the insured has reason to know that the claim has been denied. *Price v. Provident Life & Accident Ins. Co.,* 2 F.3d 986, 988 (9th Cir. 1993)." *Wetzel*, 222 F.3d at 649. Here, plaintiff admits that UBOC terminated his short term disability benefits in 2001, and he contends (in his opposition brief and at the hearing) that his current claim is based on that termination. The statute of limitations period for a claim resulting from a 2001 termination of benefits ended in 2005, and thus plaintiff's 2008 lawsuit is barred by the statute of limitations.

Further, "Congress intended to grant the authority to the courts to apply [the exhaustion] doctrine in suits arising under ERISA." *Amato v. Bernard*, 618 F.2d 559, 566-67 (9th Cir. 1980). Plaintiff argues that he had "ongoing conversations" with defendant regarding his benefits over the next few

years after becoming disabled, Pl's Oppo. at 3, but he does not dispute that he never filed an appeal of the 2001 termination. Accordingly, the Court finds that plaintiff's failure to exhaust his claim provides an alternative bar to recovery, and GRANTS defendant's motion to dismiss without leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion and dismisses plaintiff's claims with prejudice. (Docket No. 9).

**IT IS SO ORDERED.**

Dated: August 4, 2008

SUSAN ILLSTON
United States District Judge